Jones, Chief Judge,
delivered the opinion of the court:
This is an action by Customs officers to recover overtime pay for work which they claim to have performed under assignment outside regular working hours.
The following facts are undisputed.
Plaintiffs’ regular duty station was San Pedro, California. As a part of their regular duties, however, they were ordered to clear and enter vessels from time to time at Ports Hueneme and Yentura about 75 and 90 miles, respectively, from their regular duty station. During the years 1955 and 1956, plaintiffs made several trips to the latter ports. They used Government cars.
On the occasions in issue the plaintiffs made trips to the ports indicated. When the vessels were cleared in the instances in dispute, it was so near the end of the official working period that a part or all of the return trip in each case in issue was made after the regular working hours. Their duties required plaintiffs to fill out the necessary forms, collect the fees from the vessels, clear the vessels, return with the forms and the collected fees, and upon reaching San Pedro to make out and file a report, deposit the official collection in the vault at the Customhouse at San Pedro, and garage the Government vehicle.
Prior to December 1955, the Government had been paying overtime on such occasions but some of these payments were required to be refunded, and for the remainder of 1955 and 1956 they were not paid.
If payment is to be made, plaintiff Curtis is entitled to $55.96 and plaintiff Hanton to $133.04.
Here the agreement ends and the controversy begins.
Plaintiffs claim that on each trip both officers were officially ordered to drive Government vehicles to the ports in question, to enter and clear the vessels, to carry with them forms, certificates, stamps and seals necessary to the performance of their duties, collect the tonnage and navigation fees, make out original and copies of inward and outward manifests and forms permitting vessels to proceed; then return to the official station at San Pedro, place all collections and tax-fee forms in the Customhouse vault, and then to *248 record the vessel entrance and clearance on forms CF 1400 and 1401, garage the Government vehicle, and fill out the mileage report, form 4659.
Plaintiffs filed affidavits as to substantially the above statement of claims.
The defendant, while admitting some of the above facts, claims the plaintiffs were not required to use Government vehicles, but had the choice of using their own cars on a mileage basis and that the return trip did not constitute work but merely returning to their base, and in any event they could have waited until the next day or the next regular work period.
The General Accounting Office rejected the claims on the ground that the return trips did not constitute work.
The Assistant Collector of Customs at Los Angeles made an affidavit to the effect that during the period in question he was in charge of all employees in the Los Angeles and San Pedro Customhouses, was familiar with the Customs regulations and directives pertaining to the matters involved in the petition and in regard to travel of Customs officers to and from Ports Hueneme and Ventura; that to the best of his knowledge and belief both plaintiffs were issued annual blanket travel authorizations to such ports by Government automobile or privately owned automobile on a mileage basis with per diem as prescribed in the Standardized Government Travel Eegulations; that the travel authorizations issued to plaintiffs are no longer available; that the plaintiffs were never directed to drive a Government automobile on these trips if their departure or return was likely to be outside official working hours; that if they used a Government automobile it was because they elected to use it in lieu of driving their own privately owned automobiles on a mileage basis; that in every instance when their duties were completed after hours they were authorized to remain at the temporary port and return to their official station during official hours the following working day; that if they elected to return after hours it was for their own personal convenience; that all work performed at the Customhouse on their return, such as recording entrances and clearances, depositing and accounting for collections, and entering records of travel, could have been performed when they *249 returned to duty on the following business day, and that no instructions, express or implied, were issued requiring the plaintiffs to return to the Customhouse at San Pedro outside official hours.
Thus, the narrow issue is presented. Less than $200 is involved in the two claims. Both parties have made motions for summary judgment. Both parties have indicated they would like the matter settled. The situs is in California; the expense of a trial would be all out of proportion to the sum involved. With the argufying attitude of both sides, if an effort were made to get an agreement it would probably wind up like the little boy who rode the picnic “flying jenny” all morning and having spent his entire dollar in the process, and having asked for more was told that he could have no more money; that he “had ridden all morning and gotten off right where he started.”
We must decide an issue that probably should never have been here.[1] Admittedly, the plaintiffs were riding in a Government automobile. Whether this was by choice or by direction — the defendant would be better off financially to pay the small overtime than to pay the extra per diem and have the employees use the extra hours of return next day at regular pay. The extra per diem would no doubt be considerably more than the amount by which the overtime pay exceeds the regular pay, to say nothing of the per diem for two extra days if the return began at the weekend. We have no doubt that if plaintiffs, on days when vessel clearance happened late Friday afternoon, had undertaken to collect two full days’ extra per diem time and had returned during working hours the following Monday morning, they would have received — and deserved — a dressing down.
It would have seemed wise to have definite regulations or official orders clearly setting forth what should be done in circumstances such as we find here.
Plaintiffs’ motion for summary judgment is granted. The plaintiff Lon L. Curtis is entitled to recover $55.96, *250 and plaintiff Raymond B. Hanton is entitled to recover $133.04. Judgment in these amounts will be entered. Defendant’s motion is overruled.
It is so ordered.
Reed, Justice {Bet.) sitting by designation; Dtjkfee, Judge; and Laramore, Judge, concur.

 See 19 U.S.C. § 267, 1451; also 19 C.E.R. 24.17(a) (1). Sec. 267 requires the Secretary to “fix a reasonable rate of extra compensation for overtime services of * * * customs officers and employees” and fixes a minimum rate. This is a special statute which governs the services of Customs officers and employees whose duties require inspections and clearance of vessels entering ports away from regular duty stations.